UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAYMOND THOMAS,                           :
                                          :
    Plaintiff,                            :
                                          :
v.                                        :    Civil Action No. 14-1342 (CKK)
                                          :
ISAAC FULWOOD, *et al.*,                  :
                                          :
    Defendants.                           :

# MEMORANDUM OPINION

This matter is before the Court on Defendants' Motion to Dismiss and Opposition to Plaintiff's Motion for Preliminary Discovery [ECF No. 12] and Plaintiff['s] Motion for Summary Judgment in Opposition to Defendant's Motion [ECF No. 16].[1]  For the reasons discussed below, this case will be dismissed.

## I.  BACKGROUND

In the United States District Court for the District of New Jersey, plaintiff "was convicted of Bank Robbery in May 1983 and sentenced to two (2) terms of seventeen (17) years imprisonment."  Compl. at 1; *see* Plaintiff['s] Motion for Summary Judgment in Opposition to Defendant's Motion ("Pl.'s First Opp'n"), Ex. 3 (Judgment and Probation/Commitment Order). "Subsequently, the [c]ourt modified the two terms to two terms of fifteen (15) years imprisonment amounting to a total of thirty (30) years imprisonment[.]"  Compl. at 1.  Plaintiff

---

[1]  The Court denied plaintiff's Motion for Preliminary Discovery of the Full Parole Revocation Package [ECF No. 9] by minute order on January 16, 2015, and will construe Plaintiff['s] Motion for Summary Judgment in Opposition to Defendant's Motion [ECF No. 16] ("Pl.'s First Opp'n") and his Memorandum of Points and Authorities in Support of Plaintiff Complaint for the Court Not To Dismiss This Suit Against Parole Commission [ECF No. 18] ("Pl.'s Supp. Opp'n") as his opposition to defendants' motion to dismiss.

was released on parole on December 9, 1999, *id*., and he was to remain under parole supervision until December 9, 2012, Mem. of P. & A. in Support of Defs.' Mot. to Dismiss and Opp'n to Pl.'s Mot. for Prelim. Discovery ("Defs.' Mem."), Ex. 2 (Certificate of Parole [Amended]) at 1.

On October 2, 2003, plaintiff was arrested in Florida. Compl. at 2. The United States Parole Commission ("Commission") issued a violation warrant on December 1, 2003, and had it lodged as a detainer.[2] *See* Def.'s Mem., Exs. 3-4 (Warrant and Memorandum to U.S. Marshal, Northern District of Georgia, from Sandra G. Hylton, Hearing Examiner, U.S. Parole Commission, dated December 1, 2003). Plaintiff "was convicted by the State of Florida for [robbery with a firearm, aggravated battery and resisting arrest]," and sentenced to a 10-year term of imprisonment. *Id*., Ex. 5 (Supplement to Warrant Application).

Plaintiff was released from Florida's custody on September 29, 2013, "at which time . . . United States Marshals took custody of [him] as a result of the detainer[.]" Compl. at 2. He was taken to Oklahoma City, Oklahoma where, on April 8, 2014, his parole revocation hearing took place, *id.*; *see* Defs.' Mem., Ex. 7 (Revocation Hearing Summary) at 1. The hearing examiner recommended revocation of plaintiff's parole and reparole effective August 1, 2014, primarily to allow additional time for release planning. *Id*., Ex. 7 at 2-3. An executive reviewer, however, recommended not only that plaintiff's parole be revoked, but also that he remain in

---

[2] As a condition of his parole release, plaintiff agreed "not [to] violate any law[.]" Defs.' Mem., Ex. 2 at 2 ¶ 6. According to the underlying Warrant Application, plaintiff was charged with a law violation based on events described as follows:

> On October 2, 200[3], [plaintiff] was observed running from Publix located at 741 Orlando Ave. S., Winter Park, Florida after an armed robbery took place during which one of the two victims received injuries to his head. [Plaintiff] was identified as one of two individuals with a gun . . . . [Plaintiff] fled the scene in a white vehicle and was later apprehended after running several red lights, making numerous evasive maneuvers to avoid apprehension. [He] was arrested by the Winter Park Police Department for [Robbery with a Firearm, Aggravated Battery/Person Uses a Deadly Weapon, Assault with Intent to do Violence, and Resisting Arrest] on October 2, 2003.

*Id*., Ex. 3 (Warrant Application) at 1.

2

custody until the expiration of his sentence. *Id*., Ex. 7 at 3. Ultimately, the Commission agreed with the executive reviewer's recommendation. *See id*., Ex. 8 (Notice of Action dated May 7, 2014) at 1. Plaintiff's statutory release date is June 20, 2022. *See id*., Ex. 1 (Sentencing Monitoring Computation Data as of 10-08-2014) at 2.

Plaintiff brings this civil rights action against the Commission and Isaac Fulwood, Jr., its former Chair, in both his official and individual capacities. Compl. at 2. First, plaintiff contends that defendants failed to conduct a preliminary interview and to hold his parole revocation hearing timely, noting the length of time between issuance of the warrant in December 2003, its execution in 2013, and the revocation hearing itself in 2014. *See id*. at 3-4; *see also* Mem. of P. & A. in Support of Pl.'s Compl. for the Court Not To Dismiss This Suit Against Parole Comm'n ("Pl.'s Supp. Opp'n") at 4; Reply to Defs.' Mot. to Dismiss and Opp'n to Pl.'s Mot. for Summ. J. at 2. Second, plaintiff alleges that defendants caused him to remain incarcerated beyond December 9, 2012, the purported expiration date of his 30-year federal sentences. *See* Compl. at 5-8. Third, plaintiff claims that Fulwood conspired with unknown agents of the Commission on May 7, 2014, the date on which the Notice of Action was issued, to imprison him falsely. *See id*. at 6-7. For these alleged wrongs, plaintiff demands damages of $25 million from each defendant. *Id*. at 7-8.

## II. DISCUSSION

Defendants move to dismiss plaintiff's complaint. They argue that plaintiff's habeas claims are not properly before the Court, that sovereign immunity bars plaintiff's claims for damages against the Commission and Fulwood in his official capacity, and that absolute and/or

qualified immunity bars plaintiff's claims for damages against Fulwood in his individual capacity.[3]

### A. Plaintiff's Habeas Claims

According to defendants, "[p]laintiff's complaint sounds in habeas." Defs.' Mem. at 8. He claims to be illegally imprisoned, and thus "raises questions about the fact or duration of his incarceration." *Id*. Defendants argue that he must proceed by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241, which allows a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States[,]" 28 U.S.C. § 2241(c), to seek relief in the appropriate federal district. *See generally* Defs.' Mem. at 8-12.

Insofar as plaintiff demands immediate relief from custody, or seeks to advance his release date, or challenges the detainer, the claims sound in habeas. *See Davis v. U.S. Sentencing Comm'n*, 716 F.3d 660, 666 (D.C. Cir. 2013) (holding "that a federal prisoner need bring his claim in habeas only if success on the merits will "necessarily imply the invalidity of confinement or shorten its duration." (citation omitted)); *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 809-10 (D.C. Cir. 1988) ("Congress has therefore designated habeas as the appropriate vehicle for individuals who . . . challenge the lawfulness of their custody."); *Boyer v. U.S. District Court*, No. 89-3401, 1990 WL 91533, at *1 (D.D.C. June 19, 1990) (construing challenge to a detainer as request for "relief from confinement that is or will be imposed sometime in the future," such that "plaintiff's claims . . . sounds in habeas corpus"); *see also Nelson v. Campbell*, 541 U.S. 637, 643 (2004) ("[Section 1983] must yield to the more specific

---

[3] For purposes of this Memorandum Opinion, the Court presumes without deciding that service on Fulwood in his individual capacity has been effected properly, that it has personal jurisdiction over Fulwood, and that res judicata does not bar plaintiff's constitutional claims. Accordingly, defendants' motion to dismiss plaintiff's claims against Fulwood in his individual capacity for lack of personal jurisdiction, and to dismiss his claims constitutional claims on res judicata grounds, will be denied.

federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence." (citation omitted)).

A habeas action is subject to jurisdictional and statutory limitations. *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484 (1973). The proper respondent in a habeas corpus action is the prisoner's custodian, *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (citing *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988)), who in this case is the Warden of the Federal Correctional Institution in Edgefield, South Carolina. Because this "district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction," *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004), this district is not the proper forum for plaintiff's habeas claims. Defendants' motion to dismiss plaintiff's habeas claims will be granted.

### B. Plaintiff's Claims Against the Commission

Defendants move to dismiss plaintiff's claims against Fulwood in his official capacity and against the Commission itself on the ground that sovereign immunity bars these claims. *See generally* Defs.' Mem. at 12-14.

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Such consent may not be implied, but must be "unequivocally expressed," *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992), and is "strictly construed, in terms of its scope, in favor of the sovereign," *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). "[T]he terms of [the United States'] consent to be sued in any court define that court's

jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citation omitted).  For example, although the Federal Tort Claims Act waives sovereign immunity of the United States for certain torts committed by federal employees, *see Richards v. United States*, 369 U.S. 1, 6 (1962), it does not waive sovereign immunity for constitutional tort claims, *see FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994).

The Commission is a federal entity which "retains the immunity it is due as an arm of the federal sovereign." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005). Sovereign immunity therefore bars plaintiff's claims against the Commission itself.  *See, e.g, Carter-El v. District of Columbia Dep't of Corr.*, No. 12–5357, 2013 WL 3367416, at *1 (D.C. Cir. July 5, 2013) (per curiam) (affirming dismissal of constitutional claims against the Commission on sovereign immunity grounds); *Epps v. Howes*, 573 F. Supp. 2d 180, 186 (D.D.C. 2008) (denying relief from judgment that sovereign immunity barred claims against United States, Department of Justice, and the Commission).  Because the Commission's immunity extends to its Commissioners in their official capacities, *see, e.g., Jones v. Fulwood*, 860 F. Supp. 2d 16, 21 (D.D.C. 2012), sovereign immunity bars his claims against Fulwood in his official capacity also, *see, e.g., id*. at 22; *Ali v. U.S. Parole Comm'n*, No. 06-0235, 2007 WL 902312, at *2 (D.D.C. Mar. 23, 2007) (concluding that sovereign immunity barred § 1983 claims for monetary damages against Commissioner and hearing examiner).

### C.  *Plaintiff's Claims Against Fulwood*

#### 1.  Absolute Quasi-Judicial Immunity

Plaintiff brings claims for money damages against Fulwood in his the individual capacity under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). "A *Bivens* action is the federal analog to suits brought against state officials under . . . 42 U.S.C.

§ 1983." *Marshall v. Fed. Bureau of Prisons*, 518 F. Supp. 2d 190, 193 (D.D.C. 2007) (citing *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006) (internal citation omitted)).  Defendants move to dismiss these claims on the ground that Fulwood is absolutely immune from suit.  *See generally* Defs.' Mem. at 21-25.  This motion will be granted, and the Court summarily dismisses plaintiff's claims for money damages against Fulwood because he is protected by absolute quasi-judicial immunity.  *See, e.g., Nelson v. Williams*, 750 F. Supp. 2d 46, 52-53 (D.D.C. 2010) (dismissing claim for money damages against Commissioners, hearing examiner, and community supervision officers in their individual capacities), *aff'd*, No. 10–5429, 2011 WL 2618078, at *1 (D.C. Cir. June 23, 2011) (per curiam), *cert. denied*, 132 S. Ct. 1035 (2012); *Fletcher v. U.S. Parole Comm'n*, 550 F. Supp. 2d 30, 40-42 (D.D.C. 2008) (reaffirming prior conclusion that quasi-judicial absolute immunity bars claim against Commissioners); *Pate v. United States*, 277 F. Supp. 2d 1, 10-11 (D.D.C. 2003) (finding that absolute quasi-judicial immunity protected Chair of former District of Columbia Parole Board from suit); *Merki v. Baer*, No. 89-0101, 1990 WL 113890, at *2 (D.D.C. July 24, 1990) (holding that "actions of [Commission members and employees] in the determination of the plaintiff's parole date fall within the scope of quasi-judicial immunity").

2. Qualified Immunity

In the alternative, defendants argue that, even if Fulwood does not enjoy absolute quasi-judicial immunity, he would be protected by qualified immunity.  *See generally* Defs.' Mem. at 26-31.  "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  The Court evaluates a qualified immunity claim by determining

"whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right" and whether the right at issue was clearly established at the time of the defendant's alleged misconduct. *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *see Pearson v. Callahan*, 555 U.S. 226, 236 (2009) (leaving to the court's discretion "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand").

### a. Warrant Lodged as a Detainer

According to plaintiff, his arrest in Florida should have triggered the Commission's actions: it should have executed its warrant in 2003, at which time it would have revoked parole and had plaintiff "serve the full expiration of his sentence which was [until] December 9, 2012," after which "he would have been return[ed] to the state of Florida to deal with that sentence of 10 years which was running concurrently." Pl.'s Supp. Opp'n at 7.  Petitioner is mistaken.

The Commission may issue a warrant "[i]f a parolee is alleged to have violated the conditions of his release," 28 C.F.R. § 2.44(a), but "only within the [parolee's] maximum term or terms," *id*. § 2.44(c).  "The issuance of a warrant . . . operates to bar the expiration of the parolee's sentence," and the Commission maintains "jurisdiction to retake the parolee either before or after the normal expiration date of the sentence and to reach a final decision as to revocation of parole[,]" *id*. § 2.44(d).  "When a parolee is serving a new sentence in a federal, state or local institution, a parole violation warrant may be placed against him as a detainer." *Id*. § 2.47(a).

Plaintiff was on parole from his federal sentences at the time of his arrest in Florida in 2003.  The Commission issued its warrant and had it lodged as a detainer long before December 9, 2012, the date plaintiff's federal sentences would have expired but for plaintiff's intervening criminal matter.

b. Preliminary and Revocation Hearings

Plaintiff alleges that he was entitled to, but did not have, a preliminary hearing. *See* Pl.'s First Opp'n at 1; Pl.'s Supp. Opp'n at 10. He further alleges that he was denied a prompt parole revocation hearing. *See* Compl. at 3-4. Instead, he states, the revocation hearing "did not take place until April 8, 2014," *id*. at 4, and the long delay between issuance of the warrant and the revocation hearing was prejudicial to him, *id*. at 5; *see* Pl.'s Supp. Opp'n at 23.

Execution of the warrant on September 29, 2013, not its issuance on December 1, 2003, triggered the Commission's obligations. *Moody v. Daggett*, 429 U.S. 78, 87 (1976). All the time plaintiff spent in custody between October 2, 2003 and September 29, 2013, was attributed to plaintiff's arrest, conviction and sentence imposed by the Florida court. None of that time was credited toward service of his federal sentences. The Commission was not required to execute its warrant between the time of his arrest in Florida on October 2, 2003 and his conviction on March 3, 2004, *see* Pl.'s Supp. Opp'n at 6, or at any other time before his release from Florida's custody. Furthermore, the Florida convictions themselves constituted probable cause, such that the Commission need not have conducted a preliminary interview. *See* 28 C.F.R. § 2.48(f).

Relief on plaintiff's claim arising from the delay in the revocation hearing ordinarily would be available through "a writ of mandamus to compel the Commission's compliance with the statute[.]" *Sutherland v. McCall*, 709 F.2d 730, 732 (D.C. Cir. 1983) (emphasis removed). Plaintiff already has had the revocation hearing, and the claim is now moot. Aside from plaintiff's unsupported allegations of prejudice, *see, e.g.,* Compl. at 5, he has failed to demonstrate that the Commission's purported delay in conducting the revocation hearing was

9

unreasonable and so prejudicial that some other form of relief is warranted, *see Sutherland*, 709 F.2d at 732.[4]

### c. Incarceration Beyond December 9, 2012

Plaintiff maintains that his federal sentences expired on December 9, 2012, such that his current incarceration is unlawful. *See, e.g.,* Compl. at 3-4. The time plaintiff spent in custody between 2003 and 2013 came about because of the Florida criminal matter, and that time was not credited toward service of the federal sentences. Accordingly, plaintiff's federal sentences were recalculated and the expiration date previously calculated no longer controls. Plaintiff has not been incarcerated past the expiration date of his federal sentences, which now are set to expire in 2022. *See* Defs.' Mem., Ex. 1 at 2.

The Court has identified no violation of a constitutionally protected right attributable to the named defendants. Plaintiff was taken into federal custody upon execution of a valid parole violation warrant after plaintiff's release from Florida custody. The Commission was not required to conduct a preliminary interview, and the length of time between execution of the warrant and plaintiff's parole revocation hearing was not unreasonable or prejudicial. Plaintiff's federal sentences did not expire on December 9, 2012, and plaintiff's current custody does not violate federal law or the United States Constitution. Absent the violation of a constitutionally protected right, defendant Fulwood is protected from suit by qualified immunity.[5]

---

[4] The Court notes that plaintiff was represented by counsel at the revocation hearing, that he called no witnesses, and that he admitted the law violation. *See* Defs.' Mem., Ex. 7 at 1.

[5] Plaintiff attempts to amend his complaint by naming three new defendants and by including a new claim in his opposition to defendants' motion. *See* Pl.'s Supp. Opp'n at 1, 14-21. If the Court were to treat the opposition as a motion to amend the complaint, the motion would be denied as futile. The new defendants, all Commission hearing examiners, *see id.* at 1, would be protected by absolute quasi-judicial immunity or qualified immunity. The new claim under the Ex Post Facto clause, *see id.* at 15-19, is based on the alleged misapplication of parole regulations for District of Columbia Code offenders, not to plaintiff who had been convicted of federal offenses in the District of New Jersey.

*D. Three Strikes*

Under the Prison Litigation Reform Act ("PLRA"), unless a prisoner "is under imminent danger of serious physical injury," he may not proceed *in forma pauperis* if while incarcerated he has filed at least three prior cases that were dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(g); *see Ibrahim v. District of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006). Defendants argue that "[a]t least three of [p]laintiff's previous actions have been dismissed on grounds that would constitute strikes under the PLRA[.]" Defs.' Mem. at 35. Of the four cases defendants identify, only the first has been dismissed on a ground that clearly constitutes a strike for purposes of § 1915(g). *See Thomas v. Lobue*, No. 98-1563 (D.D.C. July 23, 1998) (dismissing with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(b)(i)-(ii)).

On dismissal of the second case identified by defendants, the court noted that an appeal from the dismissal order would be deemed frivolous and not taken in good faith. *See Thomas v. United States*, No. 92-1253 (M.D. Pa. May 25, 1992). No appeal was taken, however, and the case docket, *see* Defs.' Mem., Ex. 12, does not indicate that the district court dismissed the action because it was frivolous, malicious or for failure to state a claim upon which relief may be granted.

The third case was dismissed on the ground that its defendants were immune from suit. *See Thomas v. U.S. Parole Comm'n*, No. 93-3459 (D. Kan. Nov. 30, 1993). Immunity is not among the criteria for accumulating strikes; only cases dismissed as frivolous, malicious or for failure to state a claim upon which relief can be granted qualify. 28 U.S.C. § 1915(g). Although there is authority for the proposition that dismissal on immunity grounds is a strike, *see Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of 28 U.S.C. § 1915(g)."), not all circuits agree, *see*

11

*Ball v. Famiglio*, 726 F.3d 448, 463 (3d Cir. 2013) (holding that "dismissal based on the immunity of the defendant, whether absolute or qualified, does not constitute a PLRA strike, including a strike based on frivolousness, unless a court explicitly and correctly concludes that the complaint reveals the immunity defense on its face and dismisses the unexhausted complaint under Rule 12(b)(6)or expressly states that the ground for the dismissal is frivolousness"), and defendants cite is no controlling authority in the District of Columbia Circuit on this point.

Finally, defendants point to a fourth case where the court granted defendants' motion for summary judgment on all counts. *See Thomas v. U.S. Parole Comm'n*, No. 94-0174, 1994 WL 487139 (D.D.C. Sept. 7, 1994).  Where "the court dismisses the complaint on . . . a motion for summary judgment, the dismissal will not count as a strike." *Thompson v. DEA*, 492 F.3d 428, 438 (D.C. Cir. 2007).

Defendants do not demonstrate that plaintiff has accumulated three strikes.  Nor do defendants show that plaintiff's alleged "penchant for abusive and wasteful litigation in the past," Defs.' Mem. at 31, warrants a barring order.  Therefore, the motion to bar plaintiff from filing future actions without prepayment of filing fees will be denied.

### III. CONCLUSION

The Court finds that it lacks jurisdiction over plaintiff's habeas claims and his claims for damages against the Commission and against Fulwood in his official capacity.  Further, the Court concludes that the complaint otherwise fails to state a claim upon which relief can be granted.  Defendants' motion to dismiss will be granted.  An Order is issued separately.

DATE:  September 14, 2015                    /s/
                                             COLLEEN KOLLAR-KOTELLY
                                             United States District Judge